### THE GLORIA DE LARRINAGA.

#### (District Court, S. D. New York. June 22, 1911.)

ADMIRALTY (§ 5*)—CLAIMS OF FOREIGN SEAMEN AGAINST FOREIGN VESSELS—ASSUMPTION OF JURISDICTION.

A court of admiralty of the United States will not take jurisdiction of a claim, under section 199 of the British Merchants Shipping Act of 1894, for short allowance and bad provisions, made by a British seaman against a foreign ship and arising in foreign waters.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 69–85; Dec. Dig. § 5.*

Admiralty jurisdiction of suits between foreigners, see note to Fairgrieve v. Marine Ins. Co., 37 C. C. A. 193.]

In Admiralty. Suit by Frederick Mason against the steamship Gloria de Larrinaga for wages and for bad provisions, the latter pursuant to section 199 of the British Merchants Shipping Act of 1894. Libel dismissed.

R. J. Coyne, for libelant.
J. M. Woolsey, for claimant.

HOUGH, District Judge. Libelant was a duly articled seaman on the steamship proceeded against, and had agreed to serve for a voyage which had not terminated when the vessel came to New York. He announced to the boatswain that he was going to leave the ship, repaired to the office of the British vice consul, and there received en-

couragement from a Mr. Wilson to proceed against the vessel in respect of the alleged bad quality of the provisions furnished him and the other members of the crew.

It is stated in his libel that on January 4, 1910, the "master of said vessel discharged your libelant," but refused and has continued to refuse to pay the wages due him. As the voyage had not terminated, it is incumbent upon libelant to show that he was discharged, and is not a deserter. This in my judgment he has failed to do. If it had not been for the intervention of Wilson, the libelant probably would have been discharged, but as matter of fact he refused to go back to the ship, which he had abandoned without leave, and must be considered a deserter, and has accordingly forfeited his wage.

Whether a deserter can sue for short allowance may be doubtful, but in respect of this claim the court declines jurisdiction. The act declares that "if it is shown that [the] provisions are or have during the voyage been bad in quality and unfit for use, the seaman shall receive, by way of compensation * * * in respect of bad quality as aforesaid, a sum not exceeding one shilling a day"; and it is further declared that the amount so awarded shall "be paid to him in addition to and to be recoverable as wages." If this statutory provision be regarded as merely increasing a seaman's wage under certain circumstances, then, since desertion forfeits all wages, this amount also must be forfeited.

This seems somewhat technical, and it is preferred to hold that any recovery for short allowance or bad provisions is of the nature of a penalty, and is awarded by way of punishment for wrong. No instance is shown of courts of admiralty having accepted jurisdiction of claims such as this, arising on foreign vessels, in foreign places, and presented by foreigners. There are very obvious reasons why litigation of this sort should not be encouraged or accepted, and, considering the provision made by section 198 of the act for rectifying complaints of this nature, no consideration even of charity moves the court to accept jurisdiction.

Let the libel be dismissed.